**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| MARSHAY DIXON )<br>2101 Pier Point Place )<br>Virginia Beach, Virginia 23455 )<br>)<br>        Plaintiff, )<br>)<br>   v. )<br>)<br>FREDA H. GORDON HOSPICE )<br>AND PALLIATIVE CARE OF )<br>TIDEWATER )<br>5000 Corporate Woods Drive )<br>Virginia Beach, Virginia 23462 )<br>)<br>        Defendant. | Case No. _____ |

**COMPLAINT**

Plaintiff Marshay Dixon, by counsel Thomas Shumaker of the law firm Ernest Law Group, PLC, brings this employment discrimination and retaliation action against her former employer, stating as follows:

**INTRODUCTION**

1. This is a civil rights action for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* ("Rehab Act"). The gist of this action is that Plaintiff's former employer failed to grant her request for three (3) more weeks of leave and then terminated her employment because she could not return to work immediately.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. This Court has personal jurisdiction over Defendant because it performed the acts and omissions complained of within this District.

4. Pursuant to 28 U.S.C. § 1391(b) and Local Rule 3(c), venue is proper in the Eastern District of Virginia, Norfolk Division because: Plaintiff resides in this District and Division; Defendant employed Plaintiff in this District and Division; and the Defendant's unlawful employment practices alleged herein, which give rise to Plaintiff's claims, occurred in this District and Division.

## ADMINISTRATIVE PROCEEDINGS

5. Ms. Dixon filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") encompassing the discriminatory and retaliatory conduct that is the subject of this Complaint.

6. Ms. Dixon has received a Notice of Right to Sue from the EEOC within 90 days of filing this Complaint (attached hereto and incorporated herein is Exhibit A), and she has fulfilled all administrative prerequisites to the prosecution of her claims in this Court.

## THE PARTIES

7. Plaintiff is an adult female resident of the City of Virginia Beach in the Commonwealth of Virginia.

8. Defendant Freda H. Gordon Hospice and Palliative Care of Tidewater ("Tidewater Hospice") is owned and controlled by and/or a subsidiary of the non-profit organization Beth Sholom Village. Tidewater Hospice does business in the Commonwealth of Virginia and is headquartered at 5000 Corporate Woods Drive – Suite 500, Virginia Beach, Virginia 23462.

## STATEMENT OF FACTS

9. Plaintiff worked as a registered nurse at Tidewater Hospice from June 2019 to June 15, 2020.

10. During the relevant time period, Plaintiff suffered psychological symptoms that substantially limited her ability to work and concentrate.

11. Defendant Tidewater Hospice is a health care facility that provides hospice care.

12. At all times relevant herein, Defendant Tidewater Hospice operated a business that was engaged in an industry affecting commerce and employed more than fifteen employees.

13. On or about April 1, 2020, Ms. Dixon met with the Defendant's Director of Human Resources, Rebecca Riebling, and told Ms. Riebling she felt it was unfair and discriminatory that she (Ms. Dixon) was assigned more patients than her non African-American co-workers.

14. During this same April 1st meeting, Ms. Dixon stated she felt overwhelmed, was suffering anxiety and requested time off work as an accommodation.

15. On April 3, 2020, Ms. Dixon met with the Defendant's facility Administrator, Tom Elder, and the Clinical Manger, Nichole Baer. At this meeting, Defendant explained it would make some modifications that might be of assistance. Specifically, Defendant stated Ms. Dixon could skip bi-weekly interdisciplinary team meetings if she submitting bi-weekly reports.

16. Approximately a week later, Defendant's Director of Human Resources (Ms. Riebling) followed up with Ms. Dixon, who stated she was still overwhelmed.

17. On or about May 1, 2020, Ms. Dixon gave Defendant a doctor's note from the Bayview Physicians Group, which requested she be excused from work from April 30, 2020 through May 22, 2020.

18. Defendant approved the May 1st request.

19. Although Ms. Dixon and her doctor had hoped she would be medically/ psychologically able to resume work on May 22, 2020, it turned out that her condition had not sufficiently improved by then.

20. On or about May 20, 2020, Ms. Dixon provided a 2nd doctor's note to Defendant, requesting she be excused from work from May 22, 2020 through Friday June 12, 2020. This note stated she could return to work on Monday June 15, 2020 with no restrictions.

21. Defendant approved the May 20th request.

22. Although Ms. Dixon and her doctor had hoped she would be medically/ psychologically able to resume work on June 15, 2020, they later concluded she needed a little more time off.

23. On or about June 11, 2020, Ms. Dixon provided a third doctor's note, requesting to miss work from Monday June 15, 2020 until Sunday July 5, 2020 (*i.e.* a period of 20 days or 3 work weeks). This note stated that Ms. Dixon:

> "may return on 7/6/2020 with no restrictions. This is not COVID19 related. Please feel free to contact our office…if you have any questions."

24. After receiving the third doctor's note, Defendant did not contact Ms. Dixon's doctor.

25. After receiving the third doctor's note, the Defendant did not contact Ms. Dixon to ask any questions about her condition or to discuss potential alternate accommodations.

26. After receiving the third doctor's note, the Defendant did not ask me for additional documentation.

27. Defendant denied Ms. Dixon's June 11th request for reasonable accommodation.

28. On June 15, 2020, Defendant's Clinical Manager (Ms. Baer) and its HR Manager (Ms. White) called Plaintiff and informed her that she had been fired because her medical leave of absence was putting a strain on the other nurses.

## COUNT I
## Failure to Accommodate in Violation of ADA

29. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

30. During the relevant time period, Ms. Dixon suffered a mental impairment that substantially limited one or more major life activities.

31. During the relevant time period, Ms. Dixon had a record of having a mental impairment that substantially limited one or more major life activities.

32. During the relevant time period, Ms. Dixon was dismissed because of an actual or perceived mental impairment.

33. Ms. Dixon is a qualified individual within the meaning of 42 U.S.C. § 12111(8).

34. Ms. Dixon requested a reasonable accommodation on or about June 11, 2020, when she asked for 20 more days of leave.

35. Defendant Tidewater Hospice failed to accommodate Ms. Dixon.

36. Defendant Tidewater Hospice failed to engage Ms. Dixon in an interactive process to inquire whether a different accommodation could have worked.

37. Defendant's actions have caused Ms. Dixon to suffer loss of past and future wages and benefits, emotional distress, and mental pain and anguish.

38. Ms. Dixon is also entitled to her attorneys' fees and costs incurred in this matter. pursuant to 42 U.S.C. § 12205.

39. Ms. Dixon is entitled to any other relief permitted under the ADA, including equitable and monetary relief.

## COUNT II
## Discrimination &/or Interference in Violation of ADA

40. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

41. Defendant's decision to terminate Ms. Dixon's employment was motivated by unlawful discrimination as prohibited by 42 U.S.C. § 12112(b).

42. Ms. Dixon exercised her right to request an accommodation and to receive an accommodation on and after April 1, 2020.

43. Ms. Dixon exercised her right to request an additional accommodation on or about June 11, 2020, when she requested a 20 day extension of her medical leave.

44. In the alternative to the allegations of paragraph 41 or in addition thereto, Tidewater Hospice's decision to terminate Ms. Dixon's employment constitutes unlawful interference &/or retaliation with Ms. Dixon's exercise or enjoyment of her rights under the ADA and is a violation of 42 U.S.C. §12203.

45. As a result, Ms. Dixon is entitled to any other relief permitted under the ADA, including but not limited to attorneys' fees and costs.

## COUNT III
## Violation of the Rehab Act

46. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

47. Tidewater Hospice is an entity that receives federal financial assistance and is a covered entity for purposes of § 504 of the Rehabilitation Act.

48. Ms. Dixon is, and was at all times pertinent hereto, a qualified individual with a disability. Specifically, she was qualified to perform the essential functions required of a hospice nurse, provided she be provided a reasonable accommodation

49. Tidewater Hospice violated section 504 of the Rehabilitation Act, 29 U.S.C. § 794, by either refusing to accommodate and/or by terminating her because of her actual disability, her perceived disability, or her record of impairment.

50. As a result of the Tidewater Hospice's actions, Ms. Dixon has suffered damages, including but not limited to the loss of past and future wages and benefits, loss of professional opportunities, emotional distress, and mental pain and anguish.

51. Ms. Dixon is entitled to her attorneys' fees and costs incurred in this matter pursuant to 29 U.S.C. § 794a.

52. Ms. Dixon is entitled to any and all relief permitted under the Rehab Act, including equitable and monetary relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and asks that this Court grant the following relief:

A. A permanent injunction enjoining Defendant Tidewater Hospice from continuing to maintain its illegal policy, practice or custom of failing to engage in an interactive process with employees who request an accommodation and ordering it to promulgate an effective policy against such unlawful acts and to adhere thereto:

B. An order requiring Defendant Tidewater Hospice to reinstate Plaintiff and compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for emotional distress or other non-monetary/compensatory damages she suffered and to make Plaintiff whole for any and all pay and benefits she would have received had it not been for Tidewater Hospice's illegal actions, including but not limited to past lost earnings, and medical and other benefits.

C. In the event the Court finds that reinstatement is not feasible, order Defendant to compensate Plaintiff for future lost earnings, future medical, and other benefits.

D. In the event a jury finds one or more Defendant's actions were intentional or otherwise warrant punitive damages, an amount to be determined by the jury appropriate to punish Defendant and deter Defendant or others from engaging is such misconduct in the future;

E. Attorneys' fees and costs in this matter;

F. Post-judgment interest at the highest applicable legal or statutory rate; and

G. Such other further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues raised herein and so triable.

Date:   January 11, 2021              Respectfully Submitted

/s/ *Thomas Shumaker*
Thomas A. Shumaker II (Va. Bar No. 72039)
ERNEST LAW GROUP, PLC
505 South Independence Boulevard, Suite 103
Virginia Beach, Virginia 23452
Phone: (757) 289-2499
Fax: (757) 277-0265
tshumaker@ernestlawgroup.net

*Attorney for Plaintiff*